**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ATAIN SPECIALTY INSURANCE
COMPANY,

        Plaintiff-counter-
        defendant-Appellee,

  v.

SIERRA PACIFIC MANAGEMENT
COMPANY,

        Defendant,

 and

CALIFORNIA CAPITAL INSURANCE
COMPANY,

        Defendant-counter-claim-
        3rd-party-plaintiff-
        Appellant,

  v.

JERRY LEE; BETTY LEE,

        Third-party-defendants-
        Appellees.

No.   16-17221

D.C. No.
2:14-cv-00609-TLN-DB

MEMORANDUM[*]

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 15, 2018
San Francisco, California

Before: SCHROEDER, TORRUELLA,[**] and FRIEDLAND, Circuit Judges.

This appeal stems from a dispute between two insurance companies. California Capital Insurance Company ("California Capital") insured Jerry and Betty Lee, the landlords of Pagoda Garden Apartments ("Pagoda Garden"). Sierra Pacific Management Company ("Sierra Pacific") managed Pagoda Garden and was an "insured" by definition under California Capital's insurance policy. Sierra Pacific also had its own insurance through Atain Specialty Insurance Company ("Atain"). California Capital sought contribution from Atain for the costs it incurred in settling a personal injury lawsuit brought by a Pagoda Garden tenant.

Atain filed this action for a declaratory judgment that it had no duty to defend or indemnify Sierra Pacific in the underlying personal injury lawsuit. California Capital counter-claimed for breach of contract, for breach of the implied covenant of good faith and fair dealing, for a declaration that Atain had a duty to

---

[**] The Honorable Juan R. Torruella, United States Circuit Judge for the First Circuit, sitting by designation.

defend and indemnify Sierra Pacific, and for equitable contribution and indemnity from Atain. California Capital also alleged that its policy contained an anti-stacking provision, which limited its policy coverage to $1 million over six policy periods, and filed a third-party complaint against the Lees to recover the $900,000 it paid over the annual policy limit.

The District Court granted Atain's and the Lees' motions for summary judgment. The District Court correctly determined that Atain's "Real Estate Property Managed" endorsement was an "excess clause" that rendered its insurance excess to California Capital's insurance, and that Atain's coverage was excess in one particular scenario—when liability arose out of Sierra Pacific's property management activities. The court therefore held that Atain had no duty to defend or indemnify Sierra Pacific. The District Court also correctly determined that California Capital's policies did not contain an anti-stacking provision, and that California Capital's consecutive policies provided more than enough coverage for the settlement in the underlying personal injury lawsuit.

On appeal, California Capital does not contest the District Court's grant of summary judgment to the Lees. Rather, California Capital argues that Atain's excess clause should not be enforced because it is an "escape clause" that attempts to shift the burden of coverage away from Atain to other insurers such as

3

California Capital and because it conflicts with an excess insurance clause in its own policy. *See Dart Indus., Inc. v. Commercial Union Ins. Co.*, 52 P.3d 79, 93 (Cal. 2002). Because public policy disfavors escape clauses, "the modern trend is [for courts] to require equitable contributions . . . from all primary insurers[.]" *Id.* (citations omitted). However, in California, excess insurance clauses in otherwise primary insurance policies may be enforceable in the limited circumstance of a narrow clause declaring the policy "to be excess in the situation where the parties and the insurers are most likely to intend that result—when the insured is covered as an additional insured on another party's policy for some specific event or situation." *Hartford Cas. Ins. Co. v. Travelers Indem. Co.*, 2 Cal. Rptr. 3d 18, 31 (Cal. Ct. App. 2003).

Atain's coverage is excess in the "specific instance" of when Sierra Pacific's liability arises out of its property management operations. *See id.* Its policies contain an endorsement for "Real Estate Property Managed" that states, "With respect to your liability arising out of your management of property for which you are acting as real estate manager[,] this insurance is excess over any other valid and collectible insurance available to you." California Capital's "other insurance" provision contains no such specific exclusion or limitation and states its policy is excess "[i]f there is other insurance covering the same loss or damage." The

4

relationship between the parties in this case—and particularly the contractual requirement that the Lees obtain insurance to cover Sierra Pacific and the comparatively low premiums for property management in the Atain policy—suggest that the Atain policy was intended to be excess to a landlord's underlying insurance policy. In this context, we decline to order equitable contribution based on the interaction of the other insurance clauses.

California Capital further argues that its policies contain an anti-stacking provision that limits its coverage to $1 million and that Atain is liable for the $900,000 California Capital paid over that limit in settlement of the personal injury lawsuit. Insurance policy limits may be stacked "when more than one policy is triggered by an occurrence," which creates "one giant 'uber-policy' with a coverage limit equal to the sum of all purchased insurance policies." *State v. Cont'l Ins. Co.*, 281 P.3d 1000, 1008 (Cal. 2012). Although insurers may include anti-stacking language in their policies, *id.* at 1009, the District Court correctly held that California Capital's policies do not contain such language. California Capital's $1 million limit for bodily injury "arising out of any one 'occurrence'" "appl[ies] separately to each consecutive annual period." The policies do not indicate that the per-occurrence limit applies across policy periods. California Capital issued six policies to the Lees with a $1 million limit per policy, and those

5

policies stacked to create "a coverage limit equal to" $6 million. *See id.* at 1008.

Because the $1.9 million settlement that California Capital paid did not exceed that

amount, Atain is not liable as an excess insurer.

**AFFIRMED**.